**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FRANCISCO DUARTE,<br><br>        Plaintiff,<br><br>   v.<br><br>FRED WILLIAM LEISTEN, JR., in his individual and representative capacity as trustee of the Leisten Family Trust Dated January 21, 1987; JUDITH ANN LEISTEN, in her individual and representative capacity as trustee of the Leisten Family Trust Dated January 21, 1987; and DOES 1-10,<br><br>        Defendants. | CV 18-5480-RSWL-MRW<br><br>**Order re: PLAINTIFF'S MOTION FOR ATTORNEYS' FEES** [49] |

    Plaintiff Francisco Duarte ("Plaintiff") brings this Action for violations of the Americans with Disabilities Act ("ADA") and California's Unruh Civil Rights Act ("Unruh Act") against Defendant Fred William Leisten, Jr. and Defendant Judith Ann Leisten (collectively, "Defendants") in their individual

capacities and in their capacities as trustees of the Leisten Family Trust Dated January 21, 1987. Currently before the Court is Plaintiff's Motion for Attorneys' Fees ("Motion") [49]. Having reviewed all papers submitted pertaining to this Motion, the Court **NOW FINDS AND RULES AS FOLLOWS**: the Court **GRANTS** Plaintiff's Motion for Attorneys' Fees.

## I. BACKGROUND

### A. Factual Background

Plaintiff is a paraplegic who uses a wheelchair for mobility. Compl. ¶ 1, ECF No. 1. Defendants owned and own the real property and Modern's Coin-op Car Wash (the "Business") located at or about 6701 Paramount Blvd., Long Beach, California. Id. ¶¶ 2-3. In September 2016, Plaintiff went to the Business to wash his car. Id. ¶ 8. At the time of his visit, Plaintiff found that the coin slots for the wash area were mounted fifty-five inches above the ground, rendering them not usable by persons with disabilities. Id. ¶ 11. Plaintiff also found that the coin slots for the vacuum machines were mounted sixty-eight inches from the ground. Id. ¶ 12.

Plaintiff personally encountered these barriers. Id. ¶ 13. Plaintiff intends to return to the Business to patronize the Business and assess its compliance with the ADA once the barriers are removed. Id. ¶ 18.

### B. Procedural Background

Plaintiff filed his Complaint [1] on June 20, 2018,

alleging violations of the ADA and Unruh Act. After Defendants failed to timely answer the Complaint, the Court Clerk entered default against them [14] on August 16, 2018. On October 23, 2018, the parties stipulated to set aside the defaults [19], which the Court granted [21] on October 29, 2018.

On January 21, 2020, the Court entered Judgment [46] in favor of Plaintiff pursuant to Defendants' Rule 68(a) offer of judgment that Plaintiff accepted.

On February 5, 2020, the Court granted [48] the parties' Stipulation to Continue Time to File Fee Motion. Plaintiff filed the instant Motion [49] on March 5, 2020. Defendants failed to oppose or otherwise respond to the Motion.

## II. DISCUSSION

### A. Legal Standard

Attorneys' fees are available to the prevailing plaintiff under both the ADA and Unruh Act. 42 U.S.C. § 12205; Cal. Civ. Code § 52(a); see Jankey v. Poop Deck, 537 F.3d 1122, 1130 (9th Cir. 2008) ("A prevailing plaintiff under the ADA should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust.") (internal quotation marks omitted).

For ADA and Unruh Act cases, reasonable attorneys' fees are determined by reference to the lodestar method. Vogel v. Harbor Plaza Center, LLC, 893 F.3d 1152 (9th Cir. 2018) (finding that it was an abuse of

discretion for the district court to treat the Local Rule 55-3 fee schedule, which is ordinarily used in instances of default judgment, as presumptively reasonable, rather than using a lodestar approach to calculate attorneys' fees for ADA and Unruh civil rights cases). A court "must first determine the presumptive lodestar figure by multiplying the number of hours reasonably expended on the litigation by the reasonable hourly rate." Secalt S.A. v. Wuxi Shenxi Constr. Mach. Co., 668 F.3d 677, 689 (9th Cir. 2012) (quotation omitted). The fee applicant must "produce satisfactory evidence—in addition to the attorney's own affidavits—that [his] requested [hourly] rates [are] in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." Grove v. Wells Fargo Fin. Cal., Inc., 606 F.3d 577, 583 (9th Cir. 2010) (quoting Blum v. Stenson, 465 U.S. 886, 896 n.11 (1984)). The fee applicant bears "the burden of documenting the appropriate hours expended in the litigation" and of "submit[ting] evidence in support of those hours worked." USW v. Ret. Income Plan for Hourly-Rated Emps. of ASARCO, Inc., 512 F.3d 555, 565 (9th Cir. 2008) (quotation omitted).

**B.   Discussion**

    1.   Attorneys' Fees

Here, Plaintiff seeks $20,756 in attorneys' fees incurred based on 44.6 hours of work performed by ten

attorneys. Billing Statement, ECF No. 49-5.

      a. *Reasonable Rates*

Plaintiff seeks hourly rates for each attorney as follows:[1]

- Mark Potter: $595
- Phyl Grace: $550
- Ray Ballister: $500
- Dennis Price: $450
- Chris Carson: $450
- Amanda Seabock: $450
- Isabel Masanque: $450
- Sara Gunderson: $450
- Bradley Smith: $400
- Jennifer McAllister: $400

In support of this request, Mr. Potter submits a declaration discussing the qualifications of the attorneys who billed to this Action. These

---

[1] The Billing Statement also includes a total of 1.3 hours billed by "L. Chinkezian." See Billing Statement. However, Mr. Potter, in his declaration, provides no justification as to the rate at which L. Chinkezian bills, or any other information regarding L. Chinkezian's background. Accordingly, due to the lack of information before the Court, the Court cannot determine a reasonable rate for L. Chinkezian, and therefore excludes all 1.3 hours billed by this person from the fee award. See Bd. of Trustees v. Charles B. Harding Const., Inc., No. C 09-2053 MMC, 2009 WL 5215753, at *3 (N.D. Cal. Dec. 29, 2009) (declining to award fees for billing items "by one attorney whose background and qualifications have not been supported by declaration"); see also Langer v. Hernandez, No. CV 19-2540-DMG-JPRX, 2019 WL 7899950, at *3 (C.D. Cal. Dec. 9, 2019) ("The declaration submitted in support of the MDJ does not mention, however, the qualifications of I. Masanque, who billed $350 per hour for 0.8 hours, for a total of $280 . . . Accordingly, the Court reduces the fee award by $280.").

qualifications include the attorneys' experience in disability litigation, success in law school, and involvement in disability-related organizations.  See Decl. of Mark Potter in Supp. of Mot. ("Potter Decl.") ¶¶ 6, 10-18, ECF No. 49-4.  Plaintiff also submits a declaration from fee expert John D. O'Connor, as well as excerpts from the 2018 Real Rate Report to support the fees requested.  See Decl. of John D. O'Connor in Supp. of Mot. ("O'Connor Decl.), ECF No. 49-8; 2018 Real Rate Report in Supp. of Mot. ("Real Rate Report"), ECF No. 49-7.

The Court is not persuaded by either Mr. O'Connor's declaration or the Real Rate Report.  While the Court recognizes that many "reasonable" fees exist at rates much higher than those Plaintiff seeks here, the Court is unpersuaded by the Real Rate Report because the rates cited therein do not concern construction-related accessibility claims pursuant to the ADA, so these rates have little bearing on the Court's determination of a reasonable rate.  See Johnson v. Lin, No. 2:13-cv-01484-GEB-DAD, 2016 WL 1267830, at *4 (E.D. Cal. Mar. 31, 2016) (citation omitted) ("[I]t would be naive to equate the level of skill required to litigate a routine disability access case with the level of skill required to successfully litigate a more complicated civil rights case raising novel or complicated constitutional issues.").  Mr. O'Connor's declaration serves primarily as a summary of the few cases decided

Case 2:18-cv-05480-RSWL-MRW   Document 52   Filed 04/24/20   Page 7 of 13   Page ID #:325

in the Central District that support Plaintiff's position; the Court finds that this declaration is no more helpful than the summary of relevant cases in Plaintiff's Motion.  Perhaps more importantly, the Court questions the relevance, authenticity, and applicability of this declaration to the instant case, as Mr. O'Connor, in his declaration, states, "I have been asked to evaluate the rates requested herein by Mr. Langer's counsel and provide my opinion regarding reasonableness of the same."  O'Connor Decl. ¶ 27.  This is particularly troubling, as Mr. Langer is not the Plaintiff in this matter, so the Court questions whether this expert report was obtained in conjunction with the instant Action.  Further, Mr. O'Connor's declaration discusses rates requested by attorneys who did not bill to this matter.  Accordingly, the Court does not find the O'Connor Declaration relevant to determining reasonable rates in this Action.

"Notwithstanding Plaintiff's failure to present sufficient evidence supporting the rates he seeks, '[d]istrict judges can . . . consider the fees awarded by other judges in the same locality in similar cases.'"  Id.  After reviewing awards in similar cases, including similar cases before this Court,[2] as well as

---

[2] In Langer v. Palacios, CV 19-05196-RSWL-AGR (C.D. Cal. Oct. 10, 2019), this Plaintiff's counsel requested these rates in a nearly identical action less than six months prior:
- Mark Potter: $425
- Phyl Grace: $425

7

the attorneys' qualifications as stated in Mr. Potter's Declaration, the Court concludes that the following hourly fees are reasonable:[3]

- Mark Potter: $425
- Phyl Grace: $425
- Ray Ballister: $400
- Dennis Price: $350
- Chris Carson: $350
- Amanda Seabock: $350
- Isabel Masanque: $350
- Sara Gunderson: $350
- Bradley Smith: $300
- Jennifer McAllister: $300

b. *Hours Reasonably Expended*

The next issue is whether the hours spent in this Action are reasonable. Plaintiff submits an itemized Billing Statement, which reflects that Plaintiff's attorneys spent 44.6 hours litigating this case. See Billing Statement. After reviewing the Billing Statement, the Court finds several of the hours spent

---

- Dennis Price: $350

[3] See, e.g., Love v. Bedi & Sons, LLC, No. ED CV 18-0829-FMO (PLAx), 2019 WL 1785446, at *5 (C.D. Cal. Feb. 6, 2019), Decl. of Dennis Price in Supp. of Appl., ECF No.24-4 (determining $425/hour for M. Potter and P. Grace, as well as $350/hour for D. Price reasonable attorneys' fees); accord Kong v. Pulido, SACV 18-01943-AG (KESx), 2019 WL 1751843, at *2 (C.D. Cal. Mar. 18, 2019); Fernandez v. Alfred Santos Family P'ship, CV 19-2334-CJC (AGRx), 2019 WL 4137616, at *4 (C.D. Cal. July 24, 2019).

8

on this Action are unreasonable.[4]

First, it is unreasonable for a lawyer to bill, at her regular hourly rate, tasks that a non-attorney can complete. Davis v. City & County of San Franciso, 976 F.2d 1536, 1543 (9th Cir. 1992). Specifically, senior attorney, Mr. Potter, billed 0.5 hours during which he used Yelp and Google Satellite to examine Defendants' site in order to inform an investigator which photos and measurements he wanted. See Billing Statement. This act of investigating Defendants' business via the web was akin to that of an in-person site visit. See Love v. Garcia, Case No. 5:15-cv-02004-CAS (SPx), 2017 WL 2927429, at *4 (C.D. Cal. July 7, 2017) (finding it "unreasonable for Potter to bill a site visit only so that he could instruct an investigator to go back and take pictures . . . ."). Furthermore, Mr. Potter has filed several nearly identical complaints before this Court using the same investigator, who is experienced in ADA compliance photos and measurements, and likely requires little instruction. Plaintiff's online search time was unreasonable and such fees cannot be recovered.

Next, Mr. Potter billed 0.8 hours in which he conducted "[p]ublic records research to determine the identity of the responsible parties and to determine if

---

[4] It is worth noting that in Lopez v. Macca Corp., CV No. 18-2589-RSWL-E, 2018 WL 5310770, at *6 (C.D. Cal. Oct. 22, 2018), this Court found similar billing practices unreasonable by the same counsel.

1  there had been alterations or modifications that would
2  have triggered stricter Title 24 obligations for this
3  property . . . ." See Billing Statement.  But, "[a]
4  basic public records search to identify the owner of
5  the Property is not the type of legal work that should
6  be billed by an attorney at $425 per hour."  Love, 2017
7  WL 2927429, at *4 (finding plaintiff could not recover
8  fees associated with the aforementioned unreasonable
9  tasks).  Further, the Court finds that the 0.4 hours
10 Ms. Carson billed when she "conducted public record
11 research to check military deployment status and
12 bankruptcy status of" Defendants is the type of
13 clerical work that should not be billed by an attorney.
14 See Billing Statement.  Accordingly, these hours were
15 not reasonably expended and Plaintiff cannot be
16 entitled to recover fees related to the public records
17 searches.
18     The Court finds the amount of time Plaintiff's
19 counsel spent drafting filings in this Action to be
20 unreasonable.  Ms. Carson billed 0.8 hours to "[d]raft
21 complaint and related initial filing docs & prepare
22 interoffice barrier memo and service instructions."
23 Billing Statement.  Ms. Grace billed a combined 0.6
24 hours to "draft[] request for entry of default as to"
25 Defendants.  Id.  Given that Plaintiff's counsel files
26 nearly identical complaints and requests for entry of
27 default in all of its cases, save for a few
28 distinguishing details of fact, the Court finds that

0.8 hours to draft the Complaint and a total of 0.6 hours to draft the requests for entry of default are unreasonable. Accordingly, the Court reduces these items to 0.4 hours and 0.3 hours, respectively.

The Court also finds that the 0.4 hours Mr. Potter billed to review billing in this Action and remove duplicative items is unreasonable. See id. Defendants should not be held responsible for any inefficiencies or errors in Plaintiff counsel's billing practices. Accordingly, this item is excluded from the fee award.

Lastly, the Court finds that the items billed as "EST" are unreasonable. Plaintiff's counsel, in its Billing Statement, did not include a specific date in conjunction with its billing entries to "draft[] the plaintiff's fee motion with supporting paperwork" or "draft[] declaration in support of Plaintiff's fee motion." Id. Because these billing items were completed as of the filing of the instant Motion, specific dated billing entries should have been included in the Billing Statement. Accordingly, the Court finds that combined 2.3 hours billed for these tasks is unreasonable, and reduces these items to one hour. Plaintiff also bills 8 hours for the estimated "time to review opposition brief, draft the reply brief, attend oral argument." Id. No opposition or reply were filed in conjunction with the instant Motion, and no oral argument was held. Accordingly, these eight hours are excluded from the fee award.

1   The Court can exclude from the attorneys' fees
2   awards billing for unreasonably expended tasks.[5]  See
3   Hensley v. Eckerhart, 461 U.S. 424, 434 (1983) ("The
4   district court . . . should exclude from [its] initial
5   fee calculation hours that were not 'reasonably
6   expended' . . . hours that are excessive, redundant, or
7   otherwise unnecessary.")(citations omitted).
8   Ultimately, the adjusted billing rates with the
9   exclusion of the unreasonable itemized tasks, as well
10  as those billed by L. Chinkezian, total 30 reasonably
11  expended hours.  As such, the Court **AWARDS** $14,317.50

---

[5] The Court is cognizant of the Ninth Circuit's admonition in Moreno v. City of Sacramento, 534 F.3d 1106 (9th Cir. 2008) that a district court "may not attempt to impose its own judgment regarding the best way to operate a law firm, nor to determine if different staffing decisions might have led to different fee requests." Id. at 1115.  Rather, "[t]he difficulty and skill level of the work performed, and the results achieved—not whether it would have been cheaper to delegate the work to other attorneys—must drive the district court's decision." Id. Nonetheless, proceeding under this framework, the "time estimates of certain tasks performed appear over-inflated compared to the nature of this litigation and the difficulty of skill level required to complete the work." Uriarte-Limon v. Walker, EDCV 16-377 JGB (DTBx), 2017 WL 5665017, at *4 (C.D. Cal. Sept. 21, 2017).  The Court's analysis of the reasonableness of the requested attorneys' fees focuses on the "difficulty and skill level of the work performed." Moreno, 534 F.3d at 1115.  The Court excludes several billed tasks from the fee award not because they could have been performed at a cheaper rate by more junior attorneys, but because they are unnecessary and excessive in light of the skill required to accomplish them.  This is particularly so considering that they were accomplished by senior attorneys, who are well versed in ADA litigation, and the case appears fairly straight-forward. See Delson v. CYCT Mgmt. Grp., Inc., No. C 11-03781 MEJ., 2013 WL 1819265, at *25 (N.D. Cal. Apr. 30, 2013) ("One of the trade offs of being an expert in a specific field of law is the expectation that tasks will be completed with greater efficiency because the knowledge base and resources have already been well-established.").

12

in attorneys' fees.

### 2. Litigation Costs

The ADA authorizes the Court to award costs in this matter. 42 U.S.C. § 12205. Plaintiff seeks to recover $400 in filing fees, $60 service costs, $200 in investigator fees, and $1,347.40 in expert fees, totaling $2,007.40[6] which the Court **GRANTS**.

## III. CONCLUSION

Based on the foregoing, the Court **GRANTS** Plaintiff's Motion for Attorneys' Fees and **AWARDS** Plaintiff $14,317.50 in attorneys' fees and $2,007.40 in costs, for a total award of $16,324.90.

**IT IS SO ORDERED.**

DATED: April 24, 2020          /s/ Ronald S.W. Lew
                               **HONORABLE RONALD S.W. LEW**
                               Senior U.S. District Judge

---

[6] See Potter Decl. ¶¶ 3-4; Billing Statement; Ex. 6, Invoice, ECF No. 49-9.